UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ibsa Y.,

    Petitioner,

v.

Pamela Bondi, et al.,

    Respondents.

**ORDER STAYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**
Civil File No. 26-00786 (MJD/ECW)

---

Ariana Kiener, Bryan Plaster, E. Michelle Drake, Hans W. Lodge, John G. Albanese, Jordan C. Hughes, Joseph Hashmall, Katherine Raths, Marika Kaitlin O'Connor Grant, Soledad Slowing Romero, Berger Montague PC, Counsel for Petitioner.

Ana H. Voss, Jesus Cruz Rodriguez, Assistant United States Attorneys, Counsel for Federal Respondents.

---

On January 28, 2025, Petitioner Ibsa Y. filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. **[Docket No. 1.]** Petitioner's Writ of Habeas Corpus alleged that ICE unlawfully detained Petitioner in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution, the Immigration and Nationality Act and implementing regulations, the Administrative Procedure Act, and the <u>Accardi</u> doctrine, considering Petitioner's refugee status.

1

This Court subsequently issued an order to show cause, requiring the Respondents to identify the true cause and proper duration of Petitioner's confinement. **[Docket No. 3.]** Instead of responding to this Court's Order, on January 31, 2026, Respondents filed a Motion for the Release of Petitioner and Dismissal of Habeas Petition Without Prejudice. **[Docket No. 6.]** Petitioner subsequently opposed the Respondents' Motion for the Release of Petitioner and Dismissal of Habeas Petition. **[Docket No. 8.]**

The Petitioner identified in his opposition that Petitioner Ibsa Y. was released from detention on February 1, 2026 but 1) has been subjected to unlawful conditions upon his release, and 2) was released without his identification or work permit. **[Docket No. 8.]** Therefore, the Petitioner asks, in part, that the Court deny Respondents' Motion for the Release of Petitioner and Dismissal of Habeas Petition Without Prejudice, and instead, order the Petitioner's release <u>without</u> any conditions.

The Court agrees with the Petitioner's position. Respondents themselves concede that Petitioner Ibsa Y. is an unadjusted refugee and therefore is a member of the subclass granted immediate relief under <u>U.H.A. v. Bondi</u>, No. 26-cv-417, ECF No. 53 (D. Minn. Jan. 30, 2026) ("<u>U.H.A.</u>"). **[Docket No. 6.]** Such

relief does not inherently allow the imposition of conditions of supervision. Instead, Respondents rely on 8 C.F.R. § 241.5, which permits conditions of release under certain circumstances. **[Docket No. 6.]** However, such regulations do not apply to Petitioner. Specifically, 8 C.F.R. § 241.5 applies to those released pursuant to 8 C.F.R. § 241.4, which refers only to individuals who have been <u>ordered removed</u>. That is not the case for Petitioner Ibsa Y., who was released based on his improper detention in the first place.

Respondents fail to point to any other statute or regulation allowing Petitioner Ibsa Y.'s release be subject to conditions of supervision. Against that backdrop, the Court further notes the irony in Respondents' requirement that the Petitioner present all forms of his identification to enroll in supervision programming, when those very documents were not returned to him upon his release. Accordingly, the Court declines to impose conditions of release on its own initiative.

The Petitioner further raises the argument that such dismissal of the Petitioner Ibsa Y.'s Petition for a Writ of Habeas Corpus is premature, given that Petitioner's relief is premised on Judge Tunheim's temporary decision in <u>U.H.A.</u> **[Docket No. 8.]** The Court once again agrees with the Petitioner and determines

that a stay of Petitioner Ibsa Y.'s Petition is appropriate under these circumstances.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Respondents' Motion for the Release of Petitioner and Dismissal of Habeas Petition **[Docket No. 6]** is **DENIED**;

2. Petitioner Ibsa Y's Petition for Writ of Habeas Corpus **[Docket No. 1]** is **STAYED**;

3. Respondents are ordered to lift all conditions that Respondents have purportedly imposed on Petitioner;

4. Respondents are enjoined from imposing any additional conditions of release upon Petitioner Ibsa Y.;

5. Respondents are ordered to return all Petitioner's belongings, including his identification and work permit, within 24 hours of this Order; and

6. If Respondents do not provide proof that Petitioner has received his identification and work permit by February 4, 2026 by 2:00 PM, the Assistant United States Attorneys representing the Respondents are ordered to appear before Judge Michael J. Davis at 4:00 PM in Courtroom

13E in Minneapolis. The Assistant United States Attorneys are to bring with them the Petitioner's identification and work permit to be turned over to the Court during the hearing at 4:00 PM.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 3, 2026                    s/Michael J. Davis
                                            Michael J. Davis
                                            United States District Court